No. 10,690.

FLORENCE AUTO COMPANY *v.* MCBETH.

Decided May 5, 1924.

Action in replevin.   Judgment for defendant.

*Reversed.*

*On Application for Supersedeas.*

1.   PRINCIPAL AND AGENT—*Agent's Authority.*   One who buys an auto

through the solicitation of the seller's mechanic, is bound to inquire into the extent of his authority.

2.        *Automobiles—Binding Principal.* An auto dealer who has never held his mechanic out to the public as a sales agent with general authority, is not bound by his acts as such.

3.    CONTRACTS—*Written—Presumption.* When parties to an agreement execute a writing as evidence thereof, all prior negotiations are presumptively merged therein.

*Error to the County Court of Fremont County, Hon. Kent L. Eldred, Judge.*

Mr. DELBERT A. HESSICK, Mr. T. LEE WITCHER, for plaintiff in error.

No appearance for defendant in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and for convenience we designate them as there.

This was an action in replevin, tried on appeal from justice court. The property involved is an automobile, sold by plaintiff to defendant. The only material question is one of fact. Plaintiff claimed there was still due it on the purchase price two hundred dollars. If so it was entitled to judgment. Defendant admits the truth of that allegation, save for plaintiff's alleged warranty against any drop in the sale price of the car prior to the first day of July. It is furthermore admitted that there was a drop of two hundred dollars shortly after June first. Said question of fact is the existence of the warranty.

Defendant was first solicited to purchase the car by Bert McBeth, his nephew, who was regularly employed by plaintiff as an automobile mechanic and is the person alleged to have warranted to defendant. There is evidence to support such a warranty by Bert McBeth, although he denies it. The jury was instructed that it devolved upon defendant to establish, by a preponderance of the evidence, Bert McBeth's agency and authority to so warrant. The record is

absolutely devoid of any shred of evidence that Bert Mc-
Beth was a general sales agent for plaintiff or had any
authority to sell cars or make terms relating thereto, and
no fact appears in evidence from which defendant was en-
titled to presume any such agency or authority.   The final
sale was closed and the terms made by Nick Fox, vice
president and manager of plaintiff company.   The transac-
tion was evidenced by a writing, signed by plaintiff and
defendant, which specifically set forth the terms but was
silent as to warranty.   Defendant knew the capacity in
which Bert McBeth was generally employed by plaintiff.
If therefore, he dealt with him as a salesman he was bound,
at his peril, to inquire into the extent of his authority.
Plaintiff had never held Bert McBeth out to defendant, or
to the public generally, as a sales agent with general au-
thority and is not bound by his acts as such.   *Sioux City
N. & S. Co. v. Magnes,* 5 Colo. App. 172, 38 Pac. 330.

Moreover, these parties having finally executed the writ-
ing as evidence of their agreement all prior negotiations
are presumptively merged therein.   *Denver Horse Imp. Co.
v. Schafer,* 58 Colo. 376, 147 Pac. 367.

At the close of defendant's evidence plaintiff moved for
a directed verdict.   That motion was overruled.   For the
reasons above given it should have been sustained.

The judgment is accordingly reversed and the cause re-
manded with directions to enter judgment for plaintiff.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE ALLEN con-
cur.